UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALICE M. JENKINS, | ) | Case No.: 5:10 CV 853 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| GININE TRIM, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On April 22, 2010, Petitioner Alice M. Jenkins ("Jenkins" or "Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Petition, ECF No. 1-3), challenging the constitutionality of her state conviction for kidnaping, felonious assault, endangering children, corrupting another with drugs, and possession of marijuana. Jenkins pled guilty to thirty separate counts.[1] *State v. Jenkins*, 2005 WL 19439, at *1 (Ohio App. Jan. 5, 2005).

In 2006, the Ohio Supreme Court issued its opinion in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). The court determined that a sentencing statute, Ohio Revised Code § 2924.14, was unconstitutional because it required judicial fact-finding prior to imposition of maximum or consecutive sentences. Jenkins argues that because the events specified in her Indictment occurred before the Supreme Court of Ohio decided *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), application

---

[1] In her Petition, Jenkins maintains that she pled guilty to twenty-five counts, not thirty. (Petition, at p. 17.)

of *Foster*'s judicially reconstructed sentencing statute violated her right to be free from *ex post facto* laws.

Petitioner was originally sentenced to thirty years in prison. Upon resentencing after *Foster*, Jenkins was given the same sentence. Jenkins argues that her Petition should be granted based on the following ground:

> [a] trial court errs when it retrospectively applies a revised sentencing statute to events occurring before the revision, to the disadvantage of a defendant. The resulting sentence denies a defendant due process of law, and violates the ex post facto doctrine. Fourteenth Amendment, Article I, Section X, United States Constitution.

(Petition, at p. 17.)

This court referred the case to Magistrate Judge Nancy A. Vecchiarelli for preparation of a report and recommendation. On July 12, 2010, Respondent Ginine Trim ("Respondent") filed a Return of Writ. On April 25, 2011, Magistrate Judge Vecchiarelli submitted her Report and Recommendation (ECF No. 9), recommending that the Petition be dismissed.

The court adopts the Report and Recommendation for reasons stated therein. Paramount among those reasons is the fact that the Sixth Circuit has already determined that sentencing defendants whose criminal conduct occurred prior to *Foster*, does not violate the Ex Post Facto or Due Process Clauses of the Constitution. See *Hooks v. Sheets*, 603 F.3d 316, 320-21 (6th Cir. 2010); *Semala v. Duffy*, No. 09-4126 (6th Cir. June 9, 2010). In *Hooks*, 603 F.3d at 318, the Court explained the facts as follows:

> Ryan Hooks was sentenced to greater than minimum consecutive terms under Ohio law because he had served a prior prison term and the court concluded that the minimum sentence was insufficient. At the time, Ohio's sentencing law permitted the imposition of consecutive sentences only if the court made other factual findings. In *State v.*

> *Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), the Ohio Supreme Court held that the sentencing provisions allowing for an increased sentence based on judicial fact finding were unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). It corrected the problem by construing Ohio's sentencing provisions as advisory and providing trial courts with discretion to sentence anywhere between the statutory minimum and maximum. The appellate court remanded Hooks's case for re-sentencing in light of *Foster*. Hooks was re-sentenced to the same time and sought habeas corpus relief because he claimed being re-sentenced post-*Foster* violated his rights under the Due Process and Ex Post Facto Clauses of the United States Constitution.

*Id*. at 318. The Court determined that the possibility of receiving consecutive sentences was an option before *Foster*, as it was always in the discretion of the court to issue consecutive sentences. The Court did make one reservation, in that it stated that it "need not reach the question of whether resentencing under Foster, in general, violates the Ex Post Facto or Due Process Clauses of the United States Constitution because it does not violate either of these constitutional provisions as applied to Hooks." *Id.* at 320.

Shortly thereafter, in *Semala*, No. 09-4126, the Sixth Circuit determined the same. In that case, petitioner Semala argued that the fact that she was resentenced pursuant to *Foster* even though she committed her crime before *Foster*, "violated the ex post facto prohibitions inherent in the Due Process Clause." *Id*. at p. 2. The Sixth Circuit determined that Semala's resentencing pursuant to *Foster* did not violate the *Ex Post Facto* or Due Process Clause "because non-minimum and consecutive sentences were always potentially available, and Semala was at all times aware of their potential availability." *Id*. Notably, Semala's original pre-Foster sentence and her post-Foster sentence were the same, nine years' imprisonment on two counts, to be served consecutively.

Petitioner filed her Objection to the Report and Recommendation on May 6, 2011. (ECF No. 10.) In her Objection, Petitioner acknowledged that, "ex post facto challenges to *Foster* resentencing hearings have been consistently rejected by the federal district courts." (Objection, ECF No. 10, at p. 2.) Counsel for Petitioner also acknowledged that:

> [t]he United States Court of Appeals for the Sixth Circuit has rejected due process and ex post facto claims in another *Foster* case, the district courts have done the same, and the United States Supreme Court has denied certification of the issue. Ms. Jenkins acknowledges that the Magistrate Judge is correct in stating that other Courts have rejected similar claims. . . . Ms. Jenkins acknowledges those cases and respectfully requests that this Court rule in light of the evidence before it.

(Objection, ECF No. 10, at p. 3.) Finally, Petitioner asks for the court to issue a certificate of appealability if this court decides to adopt the Report and Recommendation. (*Id.* at p. 4.)

The court finds that, after *de novo* review of the Report and Recommendation, Petitioner's Objection, and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 9.) Jenkins's Petition is hereby dismissed, and final judgment is hereby entered in favor of the Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 21, 2011